```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :    12 CR 31 (VM)
    - against -                     :
                                    :
RASHEED BINNS,                      :    DECISION AND ORDER
                                    :
              Defendant.            :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

The Court sentenced defendant Rasheed Binns ("Binns") to four months' imprisonment based upon a violation of the terms of his supervised release, to run consecutively to a three-year state term of imprisonment. (See Dkt. Minute Entry dated August 23, 2019.) Binns is currently serving his state sentence at Franklin Correctional Facility.

By letter dated April 9, 2020, Binns moved this Court to reduce his federal sentence to time served. (See "Motion," attached). Though Binns does not cite any law in support of his request, the Court construes the Motion as requesting compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i) ("Section 3582") and 28 C.F.R. Section 571.61. Section 3582 allows a court to reduce a term of imprisonment or supervised release after considering the factors set forth in 18 U.S.C. Section 3553(a) and finding that "extraordinary and compelling reasons warrant such a reduction." See Section 3582.

However, a court may do so only upon motion of the Director of the Bureau of Prisons ("BOP") or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See id. 28 C.F.R. Section 571.61 sets forth how an inmate must submit a request under Section 3582 to the BOP.

In his Motion, Binns requests reduction of his federal sentence because he has lost family members to the ongoing COVID-19 pandemic and is concerned about the welfare of his nine children. (See Motion.) However, Binns offers no evidence that he has asked the BOP for reduction of his sentence, and he notes that he still has a year remaining on his state sentence before he is transferred into BOP custody. (See id.)

The Court is sympathetic to Binns' request, but the Motion must nevertheless be denied at this time. Section 3582 specifies that a Court may consider a request for compassionate release only after the BOP so moves or the defendant has submitted a request to the BOP. While other courts in this district have waived the exhaustion requirements of Section 3582, see, e.g., United States v.

2

Scparta, No. 18 CR 578, 2020 WL 1910481, at *8 (S.D.N.Y. Apr. 20, 2020), this Court is not persuaded that it can do so. As the Supreme Court has instructed, "[w]here Congress specifically mandates, exhaustion is required." McCarthy v. Madigan, 503 U.S. 140, 144 (1992); see also Theodoropoulos v. I.N.S., 358 F.3d 162, 172 (2d Cir. 2004) ("[C]ourts are required to strictly enforce statutory exhaustion requirements.").

The Court is particularly constrained under these circumstances because Binns is currently in state rather than BOP custody. The Court certainly cannot alter Binns' state sentence under Section 3582, and it is unclear that reduction of Binns' federal sentence would afford any substantial relief because it will not affect the remaining year left on Binns' state sentence. See Williams v. Keiser, No. 17 Civ. 1040, 2020 WL 2028256, at *2 (W.D.N.Y. Apr. 28, 2020). Under these circumstances, the Court must deny the Motion. However, such denial is without prejudice; if Binns' state sentence is reduced such that he is likely to be released from state custody during the COVID-19 pandemic, he may refile his motion upon compliance with Section 3582's statutory exhaustion requirements.

Accordingly, it is hereby

**ORDERED** that the motion so deemed for compassionate release of Rasheed Binns (<u>see</u> attached letter) is **DENIED** without prejudice to refiling upon compliance with the terms of the statute. The Clerk of Court is directed to mail this Decision and Order to Rasheed Binns at Franklin Correctional Facility, 62 Bare Hill Road, P.O. Box 10, Malone, NY 12953.

**SO ORDERED.**

Dated:   New York, New York
         14 May 2020

                                        _____
                                        Victor Marrero
                                        U.S.D.J.

Dear Honorable Victor Marreo:

I am writing you concerning the epidemic that is going on. Some of my family members have been effected by the virus and did not make it through. With this unusual issue at hand, I ask for leniency and compassion from the court to consider my ninety (90) day sentence with F.B.O.P. as time served, as I will have already spent three (3) years in State prison by the time I reach the F.B.O.P.

I have Nine (9) children who I am very concerned about and really need to be home for them. I have one more year left on this state sentence. I have completed my assigned programs to include ASAT (Alcohol and Substance Abuse Treatment), vocational and education. I have received no disciplinary infractions this term of incarceration.

I ask that you look into my sentence and in the interest of justice, consider my plea to the court and allow me to go home at the end of my state sentence.

I pray for everyone affected by this virus and that you and your family are safe. Thank you for your time and consideration in this matter.

Thursday, April 09, 2020

X *Mr. Rasheed Bimb* (signature)
Respectfully

FRANKLIN CORRECTIONAL FACILITY
62 BARE HILL ROAD, P.O. BOX 10
MALONE, NEW YORK 12953

NAME: Rasheed Binns    DIN: 19A2053



Honorable Victor Marreo
Senior U.S. District Judge
500 Pearl Street
New York, N.Y. 10007